UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X

SALEEM LIGHTY,  06-CV-5977 (FSH)

                Plaintiff,  FIRST AMENDED
                                                      COMPLAINT
   -against-  AND DEMAND FOR
                                                      A JURY TRIAL

THE CITY OF NEWARK, NEWARK
POLICE OFFICER ALAN KNIGHT,
NEWARK POLICE OFFICER MICHAEL
MORGAN, BADGE # 9788, NEWARK
POLICE OFFICER JOSEPH CONZENTINOS,
BADGE # 6731, NEWARK POLICE OFFICER
ANGEL VILA, BADGE # 8039, AND OFFICER
"JOHN DOE", EACH SUED INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,

                                  Defendants.

-------------------------------------------------------X

    1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3. Plaintiff is a resident of West Orange, New Jersey.

    4. At all times hereinafter mentioned, the Defendant Newark Police Officers were

employees of the defendants and were acting within the scope and authority of their employment. They are sued individually and in their official capacities as Newark Police Officers.

5. At all times, the defendant Newark ("City") owned and maintained the Newark Police Department and employed the individual defendants sued herein.

6. That upon information and belief the Newark Police Department was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of Newark knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the Plaintiff.

FACTS

9. On or about September 25, 2006, at approximately 9:00 P.M., Plaintiff was standing outside of Eddie's Liquor Store, located on Clinton Street, between 16th and 17th Streets, Newark, New Jersey. Plaintiff was talking with his friend Terrell.

10. At that time, numerous Newark Police cars pulled up to the location and the officers grabbed Plaintiff, his friend and a few others from the liquor store.

11. The police placed everybody against a wall and proceeded to pat them down.

12. At the officers' request, Plaintiff provided his name.

13. Apparently, a computer check of Plaintiff's name revealed that he had an outstanding warrant. As a result, Plaintiff was handcuffed and escorted to a police vehicle.

14. Unaware that he had an outstanding warrant, Plaintiff asked the officers why he was being arrested.

15. Defendant officer responded, "Shut up and get in the car", and hit Plaintiff in the

face with either his flashlight or his fist, fracturing Plaintiff's jaw.

16.   Plaintiff was brought to Municipal Court to have the warrant vacated, and the Municipal Judge released him on September 26, 2006 at approximately 5:00 P.M.

17.   Plaintiff immediately went home and later that night went to the hospital.

18.   X-rays were taken of Plaintiff's jaw and a fracture was diagnosed.

19.   The next day, Plaintiff had surgery at which time a metal plate was fixated and his jaw was wired shut.

20.   As a result of this assault and battery, and violation of his civil rights, Plaintiff suffered various physical and psychological injuries.

21. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

22. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by these officers, but failed to take appropriate steps to eliminate such unlawful acts.

23.   Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## FOR A FIRST CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

24. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

25. As a result of their actions, Defendants, acting under "color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

26. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

27. These Defendant officers either actively participated in the excessive force or were accomplices.

28. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

29. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

30. Defendant City and Newark Police Department., through The Newark Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and Newark Police Department, Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

32. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

33. Defendants engaged in a conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. §§ 1983 and 1985, denying him equal protection of the law.

34. Defendants did so by unlawfully conspiring to cover up the use of excessive force against Plaintiff.

35. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and Newark Police Department, Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

36. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

37. Defendants failed to intervene to prevent their fellow officer from violating the civil rights of the defendant, both during assault itself and in failing to make proper reports to law enforcement authorities regarding the incident.

38. Defendant officers observes or has reason to know (1) that excessive force was being used and that other constitutional violations were committed by a law enforcement official.

39. Defendant officers had a realistic opportunity to intervene to prevent the harm from occurring, and they failed to act.

## FIFTH CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

40. Defendants agreed and conspired to give a false account of the facts in the arrest of plaintiff and the injuries that he sustained.

41. Defendants maliciously and intentionally made false statements regarding the arrest of plaintiff in police reports, statements to the prosecutor, and in court documents.

42. Defendants are liable for said damage and injuries pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983; and,

2. Enter a judgment, jointly and severally, against the City and the individual defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the individual Defendants for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: Newark, Newark
January 10, 2008

**RESPECTFULLY,**

**//ss//**

**DONALD J. YANNELLA, ESQ.**